IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| RESTRICTED SPENDING SOLUTIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 08-93-MJR ) |
| APPLE, INC., | ) **Jury Trial Demanded** ) |
| Defendant. | ) ) ) ) |

**APPLE INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT AND
COUNTERCLAIMS FOR INVALIDITY AND NONINFRINGEMENT**

Defendant Apple Inc. ("Apple") hereby answers the complaint ("Complaint") filed by Plaintiff Restricted Spending Solutions, LLC ("RSS") as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1. Apple admits that the Complaint purports to allege a claim for patent infringement of United States Patent No. 7,143,064 ("the '064 patent") arising under the patent laws of the United States, 35 U.S.C. § 1. Apple admits that a copy of the '064 patent was attached as Exhibit A to the Complaint.

2. Apple admits that this Court has subject matter jurisdiction over this action.

3. Apple admits that this Court has personal jurisdiction over Apple and that Apple has sold or offered for sale products in this District. Apple denies that Apple has engaged in any acts of infringement, contributed to the infringement of, or actively induced others to infringe the

1

'064 patent. Apple admits that it maintains the iTunes Store, which contains the iTunes Allowance option. Apple denies the remaining allegations of Paragraph 3.

4. Apple denies the allegations of Paragraph 4 of the Complaint.

5. Apple admits that it conducts business in this District. Apple denies the remaining allegations of Paragraph 5 of the Complaint.

6. Apple denies the allegations of Paragraph 6 of the Complaint.

## PARTIES

7. Apple lacks sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and, on that basis, denies the allegations.

8. Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014 with its representative agent, CT Corporation System, located at 818 West Seventh Street, Los Angeles, California 90017.

## THE PATENT-IN-SUIT

9. Apple admits that the '064 patent indicates that it was issued on November 28, 2006 and is entitled "Controlled Entertainment Spending Account." Apple denies that the '064 patent was duly and legally issued.

10. Apple denies the allegations of Paragraph 10 of the Complaint.

11. Apple admits that the '064 patent lists Michael J. Picciallo and Peter J. Butch, III, as the inventors. Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 11 and, on that basis, denies the allegations.

12. Apple lacks sufficient information to admit or deny the allegations of Paragraph 12 and, on that basis, denies the allegations.

13. Apple denies the allegations of Paragraph 13 of the Complaint.

## THE ALLEGED INFRINGER

14. Apple admits that the iTunes Store and the iTunes allowance option are available within the United States. Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 14 and, on that basis, denies the allegations.

15. Apple admits that the allowance feature is offered for iTunes and that Exhibit B contains excerpts for the iTunes Allowance feature. Apple denies the remaining allegations of Paragraph 15.

16. Apple denies the allegations of Paragraph 16 of the Complaint.

## COUNT I

## ALLEGED PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '064 PATENT

17. Apple incorporates by reference its answers and responses in Paragraphs 1-16 of this Answer.

18. Apple denies the allegations of Paragraph 18 of the Complaint.

19. Apple denies the allegations of Paragraph 19 of the Complaint.

20. Apple denies the allegations of Paragraph 20 of the Complaint.

21. Apple denies the allegations of Paragraph 21 of the Complaint.

22. Apple denies the allegations of Paragraph 22 of the Complaint.

23. Apple denies the allegations of Paragraph 23 of the Complaint.

A. Apple denies that RSS is entitled to a judgment that Apple has infringed the '064 patent.

B. Apple denies that RSS is entitled to a permanent injunction and Apple denies that it is infringing the '064 patent or making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of any equipment which infringes any claim of the '064 patent. Apple denies that RSS is entitled to any of the relief prayed for in Paragraph B.

C(1). Apple denies that RSS is entitled to the relief requested in Paragraph C(1) of the Complaint.

C(2). Apple denies that RSS is entitled to the relief requested in Paragraph C(2) of the Complaint.

C(3). Apple denies that RSS is entitled to the relief requested in Paragraph C(3) of the Complaint.

C(4). Apple denies that RSS is entitled to the relief requested in Paragraph C(4) of the Complaint.

D. Apple denies that RSS is entitled to an award of damages and Apple denies that any Apple products or services come within the scope of the patent claims. Apple denies that RSS is entitled to any of the relief prayed for in Paragraph D.

E. Apple denies that Apple is infringing the '064 patent and that RSS is entitled to an award of treble damages.

F. Apple denies that this is an exceptional case, and denies that RSS is entitled to recover any of its costs or attorneys' fees.

G. Apple denies that RSS is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting any allegations of the Complaint not otherwise admitted, Apple asserts affirmative defenses as follows:

### First Affirmative Defense

24. The '064 patent is invalid and void for failure to comply with the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense

25. Apple does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or

methods that infringe any valid claims of the '064 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe the '064 patent.

### Third Affirmative Defense

26. The products manufactured and sold by Apple have substantial non-infringing uses and therefore do not contribute to or induce infringement of the claims of the '064 patent.

### COUNTERCLAIMS OF APPLE INC.

27. Defendant and Counterclaimant Apple requests declaratory judgment that the claims of the '064 patent are invalid and not infringed.

### Parties

28. Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business in Cupertino, California. On information and belief, Apple is registered to do business as a foreign for-profit corporation in the State of Illinois.

29. On information and belief, RSS is a limited liability company with its principal place of business in California.

### Jurisdiction and Venue

30. This Court has subject matter jurisdiction over Apple's counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

31. To the extent personal jurisdiction and venue in this District are proper for RSS's claims, personal jurisdiction and venue are proper for Apple's counterclaims.

### Background

32. RSS has filed suit alleging that Apple infringes or has infringed the '064 patent.

33. Apple has denied that it infringes or has infringed any valid claim of the '064 patent. Apple also has asserted that the '064 patent is invalid.

34. Based on the foregoing, there is an actual, immediate, and justiciable controversy between RSS and Apple as to the validity and infringement of the '064 patent.

## Count I

(Declaratory Judgment – Invalidity of RSS's '064 Patent)

35. Apple repeats and realleges Paragraphs 1-34 as if fully set forth herein.

36. The '064 patent is invalid for failure to comply with the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Count II

(Declaratory Judgment – Noninfringement of RSS's '064 Patent)

37. Apple repeats and realleges Paragraphs 1-36 as if fully set forth herein.

38. The '064 patent is not infringed because Apple does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid claims of the '064 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe the '064 patent.

## PRAYER FOR RELIEF

Wherefore, Apple requests the following relief:

(a) that RSS's Complaint be dismissed with prejudice;

(b) that the '064 patent be declared invalid;

(c) that Apple be declared not to infringe the '064 patent, directly or indirectly; and

(d) that this Court grant such other and further relief to Apple as this Court may deem just and equitable and as this Court deems appropriate and necessary.

**DEMAND FOR JURY TRIAL**

Apple requests a jury trial on all issues triable to a jury.


Dated:  April 11, 2008                    By:    /s/ Alan H. Norman


                Henry C. Bunsow (*pro hac vice* pending)
                California State Bar No. 60707
                James F. Valentine (*pro hac vice* pending)
                California State Bar No. 149269
                Jason T. Anderson (*pro hac vice* pending)
                California State Bar No. 212938
                Ryan J. Moran (*pro hac vice* pending)
                California State Bar No. 244447
                Christina M. Finn (*pro hac vice* pending)
                California State Bar No. 247838
                HOWREY LLP
                1950 University Avenue, 4th Floor
                East Palo Alto, CA  94303
                Telephone:  650.798.3500
                Facsimile:   650.798.3600
                E-mail:  BunsowH@howrey.com
                E-mail:  ValentineJ@howrey.com
                E-mail:  AndersonJ@howrey.com
                E-mail:  MoranR@howrey.com
                E-mail:  FinnC@howrey.com

                Alan H. Norman
                Michael L. Nepple
                Thompson Coburn LLP
                One U.S. Bank Plaza
                St. Louis, Missouri 63101
                Phone: (314) 552-6000
                Fax: (314) 552-7000
                E-mail: anorman@thompsoncoburn.com
                E-mail: mnepple@thompsoncoburn.com

                Attorneys for Defendant and
                Counterclaimant APPLE INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system to those attorneys of record with an email address indicated, this 11th day of April, 2008:

Paul A. Lesko, Esq.
plesko@simmonscooper.com
Stephen C. Smith, Esq.
ssmith@simmonscooper.com
Jo Anna Pollock, Esq.
jpollock@simmonscooper.com
SIMMONSCOOPER LLC
707 Berkshire Boulevard
Post Office Box 521
East Alton, IL 62024

*Attorneys for Plaintiff Restricted Spending Solutions, LLC*

/s/ Alan H. Norman

21149311