# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| RESTRICTED SPENDING SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-93-MJR |
| v. ) | |
| ) | |
| APPLE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## APPLE INC.'S MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

                            **Page**

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF MATERIAL FACTS ................................................................... 3

III. ARGUMENT .............................................................................................................. 4

  A. Standard For Transfer Of Venue Under 28 U.S.C. § 1404(a) ......................... 7

  B. The Suit Could Have Been Originally Filed In The Northern District Of California ......................................................................................................... 7

  C. The Private Interest Factors Support Transferring This Litigation To The Northern District Of California ....................................................................... 8

    1. Plaintiff's Choice Of Forum Is Entitled To Less Deference Because It Is Not RSS's Home Forum And Has Minimal Connections With The Case .............................................................. 8

    2. The Northern District Of California Would Be More Convenient Because Both Parties Reside In California .............................. 10

    3. The Northern District Of California Would Be More Convenient Because A Majority Of Apple's Witnesses Reside There .................... 10

    4. Apple's Sources Of Proof Are More Easily Accessible In The Northern District Of California ........................................................... 12

    5. The Northern District Of California Is The Situs Of The Material Events That Gave Rise To This Action ............................................... 12

  D. The Public Interest Factors Support Transferring This Litigation To The Northern District Of California For The Convenience Of The Parties .......... 13

    1. The Case Will Still Be Resolved Quickly And Efficiently If Transferred To The Northern District Of California ............................ 13

    2. The Northern District Of California Has A Much Stronger Interest And Connection With The Case And Is The Locale Of The Controversy ........................................................................................ 14

IV. CONCLUSION ........................................................................................................ 15

DM_US:21149897_1

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer venue of this civil action to the United States District Court for the Northern District of California, San Jose Division. This Motion is supported by the Declaration of Payam Mirrashidi ("Mirrashidi Decl.") and the Declaration of James F. Valentine ("Valentine Decl.").

Restricted Spending Solutions, LLC ("RSS") is a patent holding company that was organized in Illinois less than two weeks before the filing of this lawsuit for the sole purpose of pursuing this litigation in this District. RSS is headquartered in Newport Beach, California, and has no known connection to this District aside from this lawsuit. In addition, as to the operative facts giving rise to this case, there is no connection with this District that distinguishes it from every other district in the United States. As such, RSS's choice of forum is entitled to little deference because it should not be considered RSS's home forum and there is nothing that makes this District more suitable for this case. *Plotkin v. IP Axess, Inc.*, 168 F. Supp.2d 899, 902 (N.D. Ill. 2001); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2008 U.S. Dist. LEXIS 6813, *3-6 (S.D. Ill. Jan. 30, 2008) (affording "minimal deference" to plaintiff's choice of forum, despite the fact that plaintiff was organized in Illinois, because "none of the conduct complained of" occurred in the district).

Beyond RSS's conveniently timed organization in Illinois, this District has no connection to the dispute underlying the case aside from the fact that Apple's accused product is available for use here – just as it is in every other judicial district. But the mere fact that an accused product is available within a district does not warrant a finding that the case should be litigated there, especially when the district is significantly less convenient than another district. *See*, *e.g.*, *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999) ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states.").

Neither party to this litigation resides in this District or within 1,500 miles of it. Rather, both parties reside in California. In this case, the Northern District of California is by far the

most convenient forum because, among other things, that is where the defendant and the bulk of the witnesses and documents are located. It is also far more convenient for RSS than the Southern District of Illinois because RSS's headquarters are located in California. RSS is a patent holding company that seeks to license intellectual property. It has no known design facilities, manufacturing, or products. It has no real business operations beyond its home office in California. In contrast, Apple is a leader in innovation headquartered in Cupertino, California, which is within the Northern District of California. The Northern District of California is home to: the design, development, and testing of the technology accused of infringement; witnesses knowledgeable about the design, development, and testing; likely witnesses relevant to the marketing and sales of the accused product; and the relevant documents. These factors factually make the Northern District of California the most convenient forum and legally the situs of the material events. *See*, *e.g.*, *Cooper Bauck Corp. v. Dolby Labs., Inc.*, 2006 U.S. Dist. LEXIS 44885, *16 (N.D. Ill. June 19, 2006) ("[I]n patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents.") (internal quotations omitted). Finally, RSS's parent company, Acacia Patent Acquisition Corporation ("Acacia"),[1] recently attempted to sue Apple via a different Acacia subsidiary in the Southern District of Illinois.[2] Apple filed a motion to transfer that case to the Northern District of California, which was granted on March 17, 2008. Because the parties in interest, counsel, and many of the operative facts are the same in both cases, a transfer of this case to the Northern District of California is also warranted.

The public and private factors governing motions to transfer support a transfer to the United States District Court for the Northern District of California, San Jose Division. Just as

---

[1] Dkt. No. 4.

[2] That company was cleverly named "Digital Background Corporation." The patent in that case relates to providing "digital backgrounds."

courts in this District and other districts have concluded when confronted with similar facts, such a transfer would better serve the parties, the witnesses, and the judicial system.[3]

## II. STATEMENT OF MATERIAL FACTS

RSS filed a complaint for patent infringement against Apple in the Southern District of Illinois. The asserted patent relates to setting up an allowance for a child to purchase music on the Internet. RSS's Complaint alleges that the allowance feature of Apple's iTunes Store infringes the asserted patent. The iTunes Store is an Internet site that allows a user to purchase and download digital media content, such as movies, television shows, and music. (Mirrashidi Decl. ¶ 4.) The allowance feature of the iTunes Store is one of many features offered in the iTunes Store. (*Id.*)

The accused allowance feature was conceived, designed, developed, tested, and readied for production at Apple's headquarters in Cupertino, California. (Mirrashidi Decl. ¶¶ 2-3.) The pertinent documents are located in Cupertino. (*Id.* at ¶ 7.) Additionally, relevant witnesses regarding the design and operation of the accused product reside in the Northern District of California. (*Id.* at ¶¶ 5-6.)[4] Apple's only relevant connection to the Southern District of Illinois is the general ability to use the accused product in this District. Use of the accused feature of the

---

[3] As explained further below, when confronted with similar facts, courts in this District and other districts have found that a transfer is warranted. *See*, *e.g.*, *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004) (finding that transfer was warranted when a Canadian plaintiff sued a defendant located in Washington for patent infringement, when all development work on the accused product occurred in Washington, and the only connection to the district was the sale of accused products, which were also available in other districts); *Digital Background Corp. v. Apple, Inc.*, 2008 U.S. Dist. LEXIS 21101 (S.D. Ill. March 17, 2008) (finding that transfer was warranted when both parties were headquartered in California, defendant's witnesses and evidence were in California, and plaintiff had no connection to Illinois beyond the lawsuit); *MLR, LLC v. Kyocera Wireless Corp.*, 2005 U.S. Dist. LEXIS 43895, *10-11 (N.D. Ill. April 6, 2005) (finding that transfer was warranted when both parties were headquartered in California, there was no indication that a disproportionately large number of the accused products were sold in Illinois, and plaintiff had no connection to Illinois beyond the lawsuit).

[4] One potential witness related to the development of Apple's allowance feature currently resides in Vancouver BC, Canada. (*Id.* at ¶ 5.)

iTunes Store in this District can occur only through the Internet. (*Id.* at ¶ 8.) The iTunes Store is therefore equally available for use in any judicial district in the United States.

RSS is nominally an Illinois limited liability company ("LLC") with its principal place of business in Newport Beach, California. (Dkt. No. 3 at ¶ 7.) RSS is a subsidiary of Acacia that was organized in Illinois on January 24, 2008, just 13 days prior to the filing of this lawsuit. (Valentine Decl. ¶ 3, Ex. 2.) Acacia assigned the patent-in-suit to RSS on the same day that RSS was organized. (Valentine Decl. ¶ 6, Ex. 5.) On information and belief, Acacia's sole purpose for organizing RSS in this state was to pursue this litigation in the Southern District of Illinois. In what appears to be the start of a pattern by Acacia of buying patents and then suing Apple in distant forums, Acacia had previously sued Apple in this District, through a subsidiary called Digital Background Corporation, that also had its principal place of business in California. That case, *Digital Background Corp. v. Apple, Inc.*, No. 3:07-CV-00803-JPG, was recently transferred to the Northern District of California in large part because there was no connection between the case and the Southern District of Illinois. (Valentine Decl. ¶ 7, Ex. 6.) Even though Acacia organized RSS as an Illinois LLC, presumably to manufacture some connection between the present case and this District, RSS's sole business is licensing intellectual property. There is no evidence that RSS practices the claimed invention or offers any competing products in the Southern District of Illinois or elsewhere. Apple is unaware of any RSS employees or potential witnesses that reside in the Southern District of Illinois, or any RSS presence at all in this District. RSS's sole connection to this District, beyond its organization in Illinois, appears to be the present case against Apple.

## III. ARGUMENT

RSS chose to file its complaint for patent infringement in the East St. Louis Division of the United States District Court for the Southern District of Illinois notwithstanding that this forum is remote to both parties, the potential material witnesses, and the relevant documents and materials. This forum has no particularized nexus to the parties or the case, is not convenient for

4

deciding this case, and is far less convenient than other forums. Accordingly, RSS's decision to bring suit in the Southern District of Illinois is an exercise in forum shopping. This is also evidenced by RSS's organization in Illinois mere days before the filing of this action. The organization in Illinois appears to be a device to prevent transfer of this case to a more appropriate district. However, because allowing the case to remain in this District would impose unnecessary and unjustified burdens and expenses upon the parties and the Court, the appropriate forum for this litigation is the United States District Court for the Northern District of California, San Jose Division. The defendant, the relevant documents, and the relevant witnesses are located in that forum.

Similar patent infringement cases where neither party resides in the chosen forum and where all the development work occurred in another forum have been transferred by district courts in the Seventh Circuit. This is especially true when, as in this case, the transferee forum would be more convenient for both parties. *See*, *e.g.*, *MLR*, 2005 U.S. Dist. LEXIS 43895 at *4; *Cooper Bauck*, 2006 U.S. Dist. LEXIS 44885 at *16; *Anchor Wall*, 55 F. Supp.2d at 874.

Recently in *Digital Background Corp. v. Apple, Inc.*, 2008 U.S. Dist. LEXIS 21101 (S.D. Ill. March 17, 2008), the Court granted Apple's motion under section 1404(a) to transfer a patent infringement action, filed by another Acacia subsidiary in this District to the Northern District of California. Beyond Acacia's decision to organize RSS in Illinois, the operative facts between the two cases are very similar, further illustrating why a transfer of this case is also appropriate.

Another patent case that was transferred from this District under similar circumstances is *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004). In *Forcillo*, the plaintiff, a citizen of Canada, filed a patent infringement suit against the defendant, a corporation incorporated in Delaware and headquartered in Washington. *Forcillo*, 220 F.R.D. at 551. The defendant moved to transfer the case to the Western District of Washington under 28 U.S.C. § 1404(a). *Id*. In analyzing the private interest factors for transferring venue, the Court first noted that the plaintiff was not a resident of the District, *id*. at 552, and found that the Western District of Washington was the situs of material events because it was where the accused product

5

was "designed, tested, and readied for production," while only sales of the accused products occurred in Illinois. *Id*. at 554. The Western District of Washington was also found to be more convenient for the parties due to the fact that, if the litigation stayed in Illinois, both parties would have had to travel, whereas if the case was transferred, only the plaintiff would have to travel. *Id*. at 554. The Court also noted that many of the essential witnesses lived in the Western District of Washington. *Id*. at 553. In resolving the public interest factors, the Court noted that the time from filing to disposition was faster in Washington and that, under the facts of the case, it was likely that no delay would result from a transfer. *Id* at 554. When all of these factors were considered, the Court granted the motion to transfer finding that it would serve "the convenience of parties and witnesses as well as promote the interest of justice." *Id*.

As further explained below, the facts in this case show that the interests of convenience and justice would best be served by transferring this case, just as in *Forcillo* and *Digital Background*. Neither party resides in the Southern District of Illinois. (Dkt. No. 3 at ¶ 7; Mirrashidi Decl. ¶ 2.) Apple has identified essential witnesses that reside in the Northern District of California and is unaware of any relevant witnesses located in the Southern District of Illinois. (Mirrashidi Decl. ¶¶ 5-6.) The allegedly infringing feature of the accused product was designed, tested, and readied for production in the Northern District of California, with assistance from another Apple employee residing in Canada. (*Id.* at ¶ 3.) Transfer is more convenient for the parties because both reside in California. As for the public interest factors, the median time of disposition for civil cases is slightly less in the Northern District of California than in the Southern District of Illinois. (Valentine Decl. ¶ 2, Ex. 1.) Thus, under the facts of this case, it is very unlikely that there would be any significant delay in the litigation.[5] When similar facts were considered in both *Forcillo* and *Digital Background*, Courts in this District

---

[5] Nor would RSS be prejudiced even if a transfer delays resolution of this action. RSS has no business that competes with Apple and could receive only money damages. Interest on any monies ultimately awarded to either party would adequately compensate that party for any delay.

DM_US:21149897_1

transferred the cases for the convenience of the parties and in the interests of justice. A transfer of this case to the Northern District of California is warranted as well.

### A. Standard For Transfer Of Venue Under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The moving party bears the burden of demonstrating that a transfer of venue is warranted. *Forcillo*, 220 F.R.D. at 552. The decision to transfer venue is within the Court's discretion, which is to be exercised in light of the particular circumstances of each case based on fairness and convenience. *Id*.

As a threshold issue, this Court must determine whether RSS's claim could have been filed in the United States District Court for the Northern District of California, San Jose Division, where Apple seeks to have the action transferred. *Id.*

Once Apple establishes that RSS could have filed this action in the United States District Court for the Northern District of California, this Court must evaluate a number of factors which focus on the convenience of the litigants (the "private interest factors") and the public interest in the fair and efficient administration of justice (the "public interest factors"). *Id*. The private interest factors include: (1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *Id*. The Court must also consider the following public interest factors: (1) the Court's familiarity with the applicable law, (2) the speed at which the case will proceed to trial, and (3) the relation of the community to the occurrence at issue and the desirability of resolving controversies in their locale. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp.2d 958, 961-62 (N.D. Ill. 2000).

### B. The Suit Could Have Been Originally Filed In The Northern District Of California

Because Apple's primary place of business is in Cupertino, California, Apple is subject to personal jurisdiction in the Northern District of California. (Mirrashidi Decl. ¶ 2.)

7

Consequently, venue is also proper in that District. *MLR*, 2005 U.S. Dist. LEXIS 43895 at *4 ("In a patent case, venue is proper in a district if that district can exercise personal jurisdiction over the defendant.").

### C. The Private Interest Factors Support Transferring This Litigation To The Northern District Of California

As explained below, each of the private interest factors weighs in favor of transferring this case to the Northern District of California, San Jose Division.

#### 1. Plaintiff's Choice Of Forum Is Entitled To Less Deference Because It Is Not RSS's Home Forum And Has Minimal Connections With The Case

Although plaintiff's choice of forum would ordinarily be entitled to some deference, "where the plaintiffs' chosen forum is not the plaintiffs' home forum or lacks significant contact with the litigation, the plaintiffs' chosen forum is entitled to less deference." *Plotkin*, 168 F. Supp.2d at 902. In this case, this District should not be considered the home forum of RSS. Neither the plaintiff nor the defendant resides in this District. (Dkt. No. 3 at ¶ 7; Mirrashidi Decl. ¶ 2.) Both parties reside in California. While plaintiff's counsel may reside in this District, the location of plaintiff's counsel is not considered in the Court's transfer analysis. *Forcillo*, 220 F.R.D. at 552. Any argument by RSS that Illinois is its home forum due to its Illinois organization lacks merit. RSS was organized in Illinois a mere 13 days before the filing of this lawsuit. (Dkt. No. 3 at p. 6; Valentine Decl. ¶ 3, Ex. 2.) RSS's organization appears to be an attempt to avoid a transfer of this case, even though RSS and its parent company Acacia both reside at the same address in California. (Dkt. No. 3 at ¶ 7; Valentine Decl. ¶ 8, Ex. 7.)

This type of forum manipulation has resulted in a bill, passed by the House of Representatives and under consideration by the Senate[6] that would prevent companies from manufacturing venue simply by incorporating or organizing in a specific locale. H.R. 1908, 110th Cong. (2007-2008) ("In any civil action arising under any Act of Congress relating to

---
[6] Valentine Decl. ¶ 7, Ex. 6.

8

patents, a party shall not manufacture venue by assignment, *incorporation*, joinder, or otherwise primarily to invoke the venue of a specific district court.") (emphasis added). As such, RSS's selection of the Southern District of Illinois should be afforded little deference.

RSS's choice of forum should also be given little deference because this action lacks any significant connection with this District. The action's only known connection to this District is the general ability to use the accused allowance feature of iTunes in this District. Because the accused feature is equally available nationwide,[7] however, this fact is not enough to establish a "substantial" connection to the Southern District of Illinois. *Anchor Wall*, 55 F. Supp.2d at 874 ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states."). A recent decision from this District, *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2008 U.S. Dist. LEXIS 6813 (S.D. Ill. Jan. 30, 2008), further illustrates this point. In *Gary Friedrich*, plaintiff, an Illinois LLC, filed a complaint for copyright infringement in the Southern District of Illinois "only six days after establishing residence in Illinois." (Valentine Decl. ¶ 5, Ex. 4 at p. 6.) Defendant successfully moved to transfer the case to New York, and plaintiff filed a motion for reconsideration. *Gary Friedrich*, 2008 U.S. Dist. LEXIS at *2. In denying plaintiff's motion, the Court held that, despite plaintiff's organization in Illinois, plaintiff's choice of forum should be afforded "minimal deference" because "none of the conduct complained of occurred in this district." *Id.* at *4. The Court discounted plaintiff's argument that the "distribution and merchandising of the alleged[ly] infringing product" constituted the "critical infringement" in light of the fact that this argument could be made anywhere the allegedly infringing product was sold. *Id.* at *5-6. Instead, the Court determined that "the critical infringement" occurred in New York where the allegedly infringing material was created and where the action was transferred. *Id* at *4-6. Similarly in this case, the design, creation, and implementation of the accused allowance feature occurred almost entirely in California while none of it occurred in Illinois. Accordingly, RSS's choice of

---

[7] Mirrashidi Decl. ¶ 8.

forum should be afforded less deference because it has only a minimal connection with this case. *See also Digital Background*, 2008 U.S. Dist. LEXIS at *7 (declining to give significant weight to plaintiff's choice of forum because it was not the plaintiff's home forum and there was little connection between the litigation and the chosen district).

### 2. The Northern District Of California Would Be More Convenient Because Both Parties Reside In California

Because both parties reside in California, the Northern District of California would be a more convenient forum. If this case is transferred, neither company will be forced to leave its home state in order to litigate the case. Apple would not have to travel, and RSS, being headquartered in Southern California, would need approximately 1-2 hours by plane to reach the forum. (Dkt. No. 3 at ¶ 7, Mirrashidi Decl. ¶ 2.) If the case is not transferred, both parties would be forced to travel 1,500 miles to reach the forum, which would require an entire day due to the distance and two time zones that must be traversed. Because a transfer to the Northern District of California would afford both parties the convenience of litigating in their home state and would significantly decrease travel time and expenses, this factor weighs heavily in favor of transfer.

### 3. The Northern District Of California Would Be More Convenient Because A Majority Of Apple's Witnesses Reside There

Given the number of Apple witnesses that reside in the Northern District of California, the cost of attendance for those witnesses at trial will be greatly decreased if the case is transferred. The domestic Apple engineers who designed and developed the accused allowance feature reside in the Northern District of California. (Mirrashidi Decl. ¶ 5.) The only foreign Apple engineer who developed the allowance feature resides in Vancouver BC, Canada. (*Id*.) The Northern District of California would be more convenient for him because it is approximately 800 miles closer and, unlike the Southern District of Illinois, is in the same time zone as Vancouver. (*Id*.) Apple anticipates calling these engineers as witnesses at trial because

10

they have exclusive knowledge of how the feature was designed and how the feature operates. Because these witnesses are key to explaining how the accused product operates, their convenience alone is enough to warrant a transfer to the Northern District of California. *See Moore v. AT&T Latin Am. Corp.*, 177 F. Supp.2d 785, 790 (N.D. Ill. 2001) ("One key witness for one party can outweigh many less important witnesses for the other party."). The Apple employees involved with marketing the accused allowance feature also reside in the Northern District of California. (Mirrashidi Decl. at ¶ 6.) Although Apple has specifically identified several witnesses, along with a description of their relevant knowledge, it should also be noted that almost all of the domestic employees involved with the accused iTunes allowance feature, including technical support and marketing, work at Apple's headquarters in the Northern District of California. (*Id.* at ¶ 3.) Therefore, any Apple employee who has relevant testimony regarding the allowance feature is likely to reside in Northern California as well.

Courts also consider the presence of non-party witnesses in other forums. *MLR*, 2005 U.S. Dist. LEXIS at *7. On information and belief, the principals of Acacia reside in Southern California. (Valentine Decl. ¶ 8, Ex. 7.) Because Acacia acquired the patent-in-suit and assigned it to RSS for the purpose of extracting licensing revenue, the principals of Acacia may be fact witnesses relevant to the value of the patents and damages. (Valentine Decl. ¶ 6, Ex. 5.) The Northern District of California would be more convenient for these potential witnesses as well.

Apple is not aware of any potential witnesses who reside in the Southern District of Illinois, nor has RSS identified any in its Complaint. Apple has identified party witnesses residing in the Northern District of California and potential third-party witnesses residing in California. (Mirrashidi Decl. ¶¶ 3, 5-6.) Litigating in the Southern District of Illinois would require Apple's employee witnesses to spend a day traveling to Illinois. Productivity at Apple would suffer due to the extra day these witnesses would spend traveling to proceedings in this District. Apple would be further burdened because it would have to pay for these witnesses' airfare, hotel, and meals during this time. Transferring the case to the Northern District of

11

California would avoid these burdens. *See Anchor Wall*, 55 F. Supp.2d at 875 ("Because a transfer would minimize disruption of its plant's operations and eliminate all of its travel expenses, without significantly increasing the burden on the patentee, . . . the overall convenience of the witnesses will be increased by a transfer of this lawsuit."). Because the convenience of the witnesses is the most important factor in analyzing a motion to transfer, this factor weighs heavily in favor of transferring this case to the Northern District of California. *Forcillo*, 220 F.R.D. at 552 ("[T]he convenience of the witnesses . . . is the most important factor in the transfer balance.").

### 4. Apple's Sources Of Proof Are More Easily Accessible In The Northern District Of California

"In a patent infringement case, practicality and convenience are best served when [the action] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *Anchor Wall*, 55 F. Supp.2d at 875. In this case, the allegedly infringing iTunes allowance feature was substantially designed, developed, and tested at Apple's principal offices in Cupertino, California. (Mirrashidi Decl. ¶ 3.) Thus, the majority of the relevant documents and records in Apple's possession concerning the design, operation, and marketing of the accused product will be found in Cupertino. (*Id.* at ¶ 7.)

By contrast, Apple does not store any relevant documents in the Southern District of Illinois. (*Id.*) In fact, Apple is not aware of any sources of proof that exist in the Southern District of Illinois. Therefore, the relative ease of access to sources of proof weighs in favor of a transfer of venue to the Northern District of California.

### 5. The Northern District Of California Is The Situs Of The Material Events That Gave Rise To This Action

The Southern District of Illinois has a *de minimis* connection with the operative facts giving rise to the alleged infringement by Apple, while the Northern District of California has a

12

much greater connection. In patent cases, this factor focuses on "the alleged infringing activities of the defendant and the employees and documents that evidence these activities, and the situs of the material events generally is where the alleged infringing activities occurred." *Forcillo*, 220 F.R.D. at 554; *see also Digital Background*, 2008 U.S. Dist. LEXIS 21101 at *11 ("[I]n patent cases like this one, district courts do better to focus on the situs where the product at issue was designed, tested, and readied for production.") (internal quotations omitted). This factor weighs heavily in favor of transfer due to the simple fact that Apple's principal place of business is in the Northern District of California. *See Cooper Bauck*, 2006 U.S. Dist. LEXIS 44885 at *16 ("[I]n patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents.") (internal quotations omitted). Because almost all of the material events occurred in the Northern District of California, as explained above, this factor weighs heavily in favor of transfer. *See Forcillo*, 220 F.R.D. at 554 (finding that the "situs of material events" factor weighed in favor of transfer under similar facts); *see also Anchor Wall*, 55 F. Supp.2d at 874 ("R&D designed, manufactured, stored, and sold the alleged infringing masonry blocks in Rock Island. Conversely, only limited sales activities actually occurred in this district. Because there is little connection between this district and the litigation, the situs of material events factor favors transfer. . . .").

### D. The Public Interest Factors Support Transferring This Litigation To The Northern District Of California For The Convenience Of The Parties

As analyzed below, the public interest factors also weigh in favor of transferring this case to the Northern District of California, San Jose Division.

#### 1. The Case Will Still Be Resolved Quickly And Efficiently If Transferred To The Northern District Of California

United States government statistics show that the case will likely be resolved just as quickly and efficiently in the Northern District of California as it would be in this forum.

13

According to these statistics, during the 12-month period ending March 31, 2007, cases resolved "Before Pretrial" in the Southern District of Illinois had a median length of 8.6 months. (Valentine Decl. ¶ 2, Ex. 1.) Cases resolved "During or After Pretrial" had a median length of 16.4 months, and the 17 cases resolved at "Trial" had a median length of 20.5 months. (*Id.*) The median time to disposition for all civil cases was 8.1 months. (*Id.*) In comparison, in the Northern District of California, cases resolved "Before Pretrial" had a median length of 6.8 months; cases resolved "During or After Pretrial" had a median length of 12.4 months; and the 53 cases resolved at "Trial" had a median length of 27 months. (*Id.*) The median time to disposition for all civil cases was 6.1 months. (*Id.*) These times are all comparable to the median times in the Southern District of Illinois, and a transfer to the Northern District of California will not delay resolution of the case.[8] Moreover, because RSS has no business that competes with Apple and exists only to collect licensing revenues, neither party would be prejudiced even if a transfer did cause delay. Interest on any monies collected by either party would adequately compensate that party for any delay. Accordingly, this factor does not weigh against a transfer.

### 2. The Northern District Of California Has A Much Stronger Interest And Connection With The Case And Is The Locale Of The Controversy

Because Apple's activities concerning the accused products occurred almost entirely in the Northern District of California, it should be considered the "locale" of this controversy. *Cooper Bauck*, 2006 U.S. Dist. LEXIS at *23 ("The controversy in patent infringement actions typically centers on where the defendant's activities occurred."). As previously explained, California is the situs of the material events in this case and plaintiff's and defendant's principal

---

[8] The Northern District of California also has specialized local patent rules used to facilitate proceedings in patent cases. These specialized rules require complete disclosures of positions from all parties and help ensure that the proceedings stay on schedule. (Valentine Decl. ¶ 4, Ex. 3.) This is yet another reason why there is no reason to believe that transferring this case would cause any delay.

14

places of business. (Dkt. No. 3 at ¶ 7, Mirrashidi Decl. ¶ 2.) Both parties in this case have very strong connections to California, and California has a strong interest in this litigation. In contrast, beyond the general availability of the accused allowance feature of the iTunes Store over the Internet, Illinois has no connection to or interest in this case. Because the accused allowance feature is available in both Illinois and California, and the work on the accused product occurred in the Northern District of California, this factor weighs heavily in favor of transfer. *See Cooper Bauck*, 2006 U.S. Dist. LEXIS at *23-24 (holding that this factor weighed in favor of transfer because "the research, development, patenting, implementation, testing, marketing and licensing of the accused infringing technology" occurred in California and because California shared Illinois's interests in preventing infringing sales since the accused product was sold in both forums); *MLR*, 2005 U.S. Dist. LEXIS at *10-11 (finding that California had a stronger interest in the patent case than Illinois because both parties were headquartered in California, there was no indication that a disproportionately large number of the accused products were sold in Illinois, and plaintiff had no connection to Illinois beyond the lawsuit.); *Digital Background*, 2008 U.S. Dist. LEXIS 21101 at *9-10 (finding that when sales of the accused product occur nationwide but the defendant, the assignee, and the other alleged infringing activity were in the Northern District of California, then California's "interest in th[e] suit *far exceeds* the Southern District of Illinois's interest.") (emphasis added).

## IV. CONCLUSION

A transfer of venue to the San Jose Division of the United States District Court for the Northern District of California is warranted under 28 U.S.C. § 1404(a). RSS's choice of the Southern District of Illinois as a forum for this litigation is entitled to little deference because RSS is not located there and because the operative facts of this case have almost no connection to Illinois. All of the other private interest factors weigh in favor of a transfer. Each of the public interest factors also weighs in favor of a transfer. None of the factors weighs against a

15

transfer.  Accordingly, Apple respectfully requests that the Court grant Apple's motion to transfer these proceedings to the Northern District of California, San Jose Division.

Dated:  April 11, 2008       By:     /s/ Alan H. Norman
                                     Henry C. Bunsow (*pro hac vice* pending)
                                     California State Bar No. 60707
                                     James F. Valentine (*pro hac vice* pending)
                                     California State Bar No. 149269
                                     Jason T. Anderson (*pro hac vice* pending)
                                     California State Bar No. 212938
                                     Ryan J. Moran (*pro hac vice* pending)
                                     California State Bar No. 244447
                                     Christina M. Finn (*pro hac vice* pending)
                                     California State Bar No. 247838
                                     HOWREY LLP
                                     1950 University Avenue, 4th Floor
                                     East Palo Alto, CA  94303
                                     Telephone:  650.798.3500
                                     Facsimile:   650.798.3600
                                     E-mail:  BunsowH@howrey.com
                                     E-mail:  ValentineJ@howrey.com
                                     E-mail:  AndersonJ@howrey.com
                                     E-mail:  MoranR@howrey.com
                                     E-mail:  FinnC@howrey.com

                                     And

                                     Alan H. Norman
                                     Michael L. Nepple
                                     Thompson Coburn LLP
                                     One U.S. Bank Plaza
                                     St. Louis, Missouri 63101
                                     Phone: (314) 552-6000
                                     Fax: (314) 552-7000
                                     E-mail: anorman@thompsoncoburn.com
                                     E-mail: mnepple@thompsoncoburn.com

                                     Attorneys for Defendant and
                                     Counterclaimant APPLE INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system to those attorneys of record with an email address indicated, this 11th day of April, 2008:

Paul A. Lesko, Esq.
plesko@simmonscooper.com
Stephen C. Smith, Esq.
ssmith@simmonscooper.com
Jo Anna Pollock, Esq.
jpollock@simmonscooper.com
SIMMONSCOOPER LLC
707 Berkshire Boulevard
Post Office Box 521
East Alton, IL 62024

*Attorneys for Plaintiff Restricted Spending Solutions, LLC*

/s/ Alan H. Norman