**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

RESTRICTED SPENDING SOLUTIONS, LLC,   )
                                      )
                  Plaintiff,          )
                                      )
v.                                    )   Case No.:  08-93-MJR-CJP
                                      )
APPLE, INC.,                          )
                                      )
                  Defendant.          )
                                      )
                                      )

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

|      |                                                                                                          | Page |
|------|----------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION ............................................................................................ | 1    |
| II.  | THE PRIVATE INTEREST FACTORS WARRANT A TRANSFER ................................ | 1    |
| III. | THE PUBLIC INTEREST FACTORS WARRANT A TRANSFER ................................. | 3    |
| IV.  | RSS'S UNSUBSTANTIATED CHARGE OF JUROR BIAS IN THE NORTHERN DISTRICT OF CALIFORNIA IS UNAVAILING ........................................ | 4    |
| V.   | CONCLUSION ................................................................................................ | 5    |

I.   INTRODUCTION

Despite admitting in its Opposition (Opp.) that "there is nothing uniquely convenient about the Southern District to this case" (Opp. at 2), RSS[1] maintains that the Northern District of California is not a more convenient forum notwithstanding that it is:  (1) the situs of events giving rise to this action; (2) more convenient for both parties; and (3) more convenient for a majority of the identified witnesses.  When these facts are fairly analyzed under applicable case law, however, it becomes clear that a transfer to the Northern District of California would not only promote the public's interest in the fair and efficient administration of justice, but would also best serve the convenience of the parties and witnesses.  *See*, *e.g.*, *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004) and *Digital Background Corp. v. Apple, Inc.*, 2008 U.S. Dist. LEXIS 21101 (S.D. Ill. March 17, 2008).[2]

II.  THE PRIVATE INTEREST FACTORS WARRANT A TRANSFER

In its opening brief, Apple demonstrated how each of the five private interest factors weighs in favor of transfer.  RSS fails to show otherwise.  First, RSS cannot refute that its choice of forum is due little deference.  RSS does not dispute that it was "organized in Illinois a mere 13 days before the filing of this lawsuit" (Op. Br. at 8) and that the patent-in-suit was assigned "to RSS on the same day that RSS was organized" (*id.* at 4).  Nor does RSS dispute that "Acacia's sole purpose for organizing RSS in this state was to pursue this litigation in the Southern District of Illinois." (*Id.*)  When presented with this situation, courts in this District have discounted organizations designed to assure venue and afforded little deference to plaintiff's forum choice. *See*, *e.g.*, *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2008 U.S. Dist. LEXIS 6813 at *4 (S.D. Ill. Jan. 30, 2008).  In urging deference to its choice of forum, RSS cites *CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp.2d 1000, 1003 (N.D. Ill. 1999) for the proposition that "[e]ven a single act can support jurisdiction if it creates a 'substantial connection' with the

---

[1]   Abbreviations defined in Apple's opening brief ("Op. Br.") have the same meanings in this Reply.

[2]   RSS fails even to mention, much less address, the analysis and holdings in *Forcillo* or *DBC,* the two most apposite cases from this District on venue transfers in patent cases.  The circumstances in this case are virtually identical to those in *DBC*, except that the plaintiff in this case organized in Illinois to manufacture venue.

forum." But the cited portion of *CoolSavings* addresses personal jurisdiction – which Apple does not dispute – not venue.[3] RSS also devotes attorney argument to Apple's "interactive website" and "numerous contracts" (Opp. at 10), but RSS cites no case law refuting that, in evaluating transfer requests, "[s]ales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999). Because the accused feature is available nationwide and there is no other legitimate connection between this case and this forum, RSS's forum choice should be afforded little deference.

Second, RSS fails to refute that the Northern District of California is more convenient for the parties and likely witnesses. RSS inaccurately asserts that "one party *or* the other must travel in this case." (Opp. at 13.) But as Apple has explained, either **both parties** must travel from California to Illinois or **one party** must travel from Southern California to Northern California. Transferring the case to the Northern District of California will not simply shift the travel burden from Apple to DBC, it will eliminate Apple's burden and greatly reduce RSS's burden.[4] RSS's analysis of witness convenience is similarly flawed. RSS fails to identify a single witness in Illinois. Instead, RSS identifies the named inventors of the asserted patent and purported New Jersey residents, Michael Picciallo and Peter Butch, as a "key non-party witnesses for RSS." (Opp. at 14.)[5] If RSS has already arranged for Messrs. Picciallo and Butch to testify, the forum's

---

[3] Although *CoolSavings.com* also involved a motion to transfer, RSS cites the portion dealing with jurisdiction. Irregardless, the facts of *CoolSavings* are different than those in this case. In *CoolSavings*, the plaintiff had its principal place of business and officers and employees located in its chosen district. *Id*. at 1005. In this case, RSS is a shell holding company that has no employees in Illinois and has its principal place of business in California. (Op. Br. at 4.) RSS has failed to identify any legitimate connection between this case and its chosen forum beyond the general availability of iTunes. *See also Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476, 1479 (N.D. Ga. 1992) (plaintiff's choice of forum rejected in favor of transfer due at least partially to the fact that "the forum selected [was] not the home district for any of the parties involved in the action.").

[4] RSS incorrectly asserts that Apple's size mandates that Apple should have to travel. In *Forcillo*, a transfer from this District was granted even though defendant Brunswick Corporation was a large, national corporation with sales of over $5 billion in 2004. *Forcillo*, 220 F.R.D. at 550. (Finn Decl. ¶ 12, Ex. F.) Accordingly, Apple's size does not negate the far greater convenience of litigating in the Northern District of California.

[5] RSS accuses Apple of "fail[ing] to recognize ... that Michael Picciallo and Peter Butch both reside in New Jersey." (Opp. at 14.) This is an unfair charge because, although the patent lists the inventors as being from New Jersey, Apple is unaware of their present location. RSS offers no evidence of their current residence.

ability to subpoena them may not be an issue.[6] Nevertheless, the Court in the Southern District of Illinois has no more subpoena power over Messrs. Picciallo and Butch than a court in the Northern District of California.

RSS misleadingly claims that "the relevant witnesses" are "scattered throughout several jurisdictions." (Opp. at 15.) All of the domestic witnesses identified by Apple reside in California. Even if the two inventors still reside in New Jersey, the requested transfer would not "merely transform[] an inconvenience for one party into an inconvenience for another party." (*Id.*) The two witnesses in New Jersey will have to travel regardless of whether the case is transferred. But because a transfer of this case would be significantly more convenient for the numerous key witnesses identified by Apple (Op. Br. at 10-12.), RSS cannot legitimately claim that a transfer will simply shift inconvenience rather than significantly reduce overall inconvenience. In addition, if RSS was truly concerned about the named inventors' convenience, RSS would have filed the case in New Jersey rather than Illinois. RSS further belies its professed concern over the inconvenience to Messrs. Picciallo and Butch when it alternatively requests the Court to transfer the case to the Central District of California rather than New Jersey. (Opp. at 20.) The Central District of California is further from New Jersey than the Northern District.[7]

### III. THE PUBLIC INTEREST FACTORS WARRANT A TRANSFER

RSS fails to refute that the Northern District of California has a stronger relation to this case and has a stronger interest in resolving the controversy. *See*, *e.g.*, *Amoco Oil Co. v. Mobil Corp.*, 90 F. Supp.2d 958, 961-62 (N.D. Ill. 2000). RSS offers nothing beyond unsupported assertions regarding sales and "numerous Illinois citizens" (Opp. at 20) who have purchased

---

[6] RSS's description of Messrs. Picciallo and Butch as "non-party witnesses for RSS," rather than as a third-party witnesses, casts doubt upon their status as true, disinterested, non-party witnesses.

[7] RSS also opposes a transfer based on *Apple Computer, Inc. v. Unova, Inc.*, Civ. A. 03-101-JJF, 2003 WL 22928034 (D. Del. Nov. 25, 2003). But in that case, the court found that "the parties as a whole are not located close to the [transferee district]." *Id.* at *3. In this action, one party resides in the Northern District of California and the other resides in an adjacent district.

Apple products to counter sworn statements that the allegedly infringing feature was designed, developed, tested, and marketed in the Northern District of California. Although RSS clouds the issue by referencing all resellers in the Southern District of Illinois that sell *any* Apple product (as opposed to the *accused* Apple product), this evidence is irrelevant.[8] RSS admits that the citizens of Illinois have no unique interest in this dispute, and RSS fails to identify a single witness residing in the Southern District of Illinois.

Nor does RSS's recent organization in Illinois prevent a transfer. Although RSS cites *LFG, LLC v. Zapata Corp.*, 78 F. Supp.2d. 731 (N.D. Ill. 1999), a trademark action in which the defendant moved to dismiss for lack of personal jurisdiction, plaintiff's status as an Illinois LLC was only one of many factors, including plaintiff's *headquarters, operations, and employees located in Illinois*, that the court considered in denying the motion. *Id.* at 733. Here, RSS has no employees, witnesses, or records in the Southern District of Illinois. Accordingly, RSS has not demonstrated that a single public interest factor weighs against transfer.

## IV. RSS'S UNSUBSTANTIATED CHARGE OF JUROR BIAS IN THE NORTHERN DISTRICT OF CALIFORNIA IS UNAVAILING

RSS has not shown – and cannot show – that the jury pool in the Northern District of California is so tainted as to prevent RSS from obtaining a fair trial. Although RSS alleges both presumed bias based on "sensational and prejudicial" pretrial publicity and actual bias based on Apple's headquarters being in Cupertino, RSS proves neither form of bias.

To show presumed bias, RSS cites only Internet forum posts by "Apple fans." (Opp. at 18, Exs. I, J.) RSS asserts that Apple's "fanatical customers" are "no doubt [in] much greater concentration in the Northern District of California." (Op. Br. at 18.) RSS makes no showing, however, that the persons making the cited posts are potential jurors residing in the Northern

---

[8] Of the eight authorized Apple resellers listed in RSS's Exhibit G, half are in Missouri, and only one has a 66201 zip code. Further, authorized Apple resellers do not sell the iTunes Store or its Allowance feature in the Southern District of Illinois or elsewhere. The iTunes store is accessed over the Internet, not through resellers. Also, RSS misleadingly states that the Allowance feature accounted for a large number of Apple sales, even though the cited sales figures are for *both* the Allowance feature *and* gift cards, which have become ubiquitous. (Opp. at 3, n.3.) RSS offers no evidence as to the proportion of such sales attributable to the accused Allowance feature.

District of California.  Additionally, in *Haworth*, a Georgia court transferred a patent case to Michigan, where a majority of the witnesses were located and both parties had their principal places of business, despite a substantial presence of both parties in Georgia.  821 F. Supp. 1476.  The court in *Haworth* rejected the plaintiff's argument that it would be unable to obtain a fair trial in Michigan, even though pretrial publicity touted the potential negative impact to a major Michigan industry if the plaintiff prevailed.  *Id.* at 1480.

Nor can RSS show actual bias.  In *Haworth*, the court defined potentially "interested" jurors as being employees or their "close relatives."  *Id.* at 1481.  The court assumed that there were 10 "interested" persons for each employee and approximated that 7.5% of the potential jury pool was "interested."  *Id.*  The court held that "even assuming a significant increase in the total number of interested potential jurors in the District ... there is simply insufficient evidence to show that the [transferee district] jury pool of 1.8 million people is insufficient from which to draw a disinterested jury."  *Id.*  Applying the same methodology and making numerous additional worst-case assumptions here, approximately 7.5% of the 1.8 million people in the San Jose Division jury pool could potentially be "interested."  (Finn Decl. ¶¶ 2-11, Exs. A-E.)  This is approximately the same percentage found inadequate by the court in *Haworth*.[9]

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests a transfer to the Northern District of California, San Jose Division.

---

[9] Even where "25% of the venire admitted believing that defendants were guilty," courts have found it possible to select a fair and impartial jury.  *See*, *e.g.*, *United States v. Angiulo*, 897 F.2d 1169, 1182 (1st Cir. 1990).  In only one of the cases cited by RSS –where a murder suspect was labeled as a confessed murderer for eight months and the atmosphere in the 7,000 person town was that the defendants should be "fried or electrocuted" – did the court find that a jury was so prejudiced that an accused party was denied a fair trial.  *Coleman v. Kemp*, 778 F.2d 1487 (11th Cir. 1985).  *Haworth* is the only patent case cited by RSS, and the court there found that the plaintiff *had not* met its burden of proving it would be unable to obtain a fair trial in the transferee forum.  *Haworth*, 821 F. Supp. at 1480.  In three other cases, accused murderers, drug kingpins, and mafia bosses in highly publicized cases did not demonstrate on appeal sufficient juror bias to overturn their convictions.  *See Angiulo*, 897 F.2d at 1181 (accused characterized as "reputed mafia boss"); *Patton v. Yount*, 467 U.S. 1025 (1984) (petitioner charged with rape and murder); and *United States v. Lehder-Rivas*, 955 F.2d 1510 (11th Cir. 1992) (petitioner accused of importing cocaine).

| | |
|---|---|
| Dated: May 5, 2008 | By:   /s/ James F. Valentine<br>Henry C. Bunsow (admitted *pro hac vice*)<br>California State Bar No. 60707<br>James F. Valentine (admitted *pro hac vice*)<br>California State Bar No. 149269<br>Jason T. Anderson (admitted *pro hac vice*)<br>California State Bar No. 212938<br>Ryan J. Moran (admitted *pro hac vice*)<br>California State Bar No. 244447<br>Christina M. Finn (admitted *pro hac vice*)<br>California State Bar No. 247838<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA 94303<br>Telephone: 650.798.3500<br>Facsimile: 650.798.3600<br>E-mail: BunsowH@howrey.com<br>E-mail: ValentineJ@howrey.com<br>E-mail: AndersonJ@howrey.com<br>E-mail: MoranR@howrey.com<br>E-mail: FinnC@howrey.com<br><br>Attorneys for Defendant and<br>Counterclaimant APPLE INC. |